# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

_____

MICHAEL BRANNIGAN, ATTORNEY-IN-
FACT FOR PATIENT CM, and
WORLDWIDE AIRCRAFT
SERVICES, INC., d/b/a JET ICU,

                     Plaintiffs,                  Case No. 8:21-cv-02352-TPB

    vs.

EXCELLUS BLUE CROSS
AND BLUE SHIELD,

                     Defendant.

_____

## DEFENDANT'S MOTION TO DISMISS COMPLAINT

        Pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(3), 12(b)(6) and L.R.

M.D. Fla. 3.01,  Defendant Excellus Health Plan, Inc., doing business as

Excellus Blue Cross Blue Shield ("Excellus"), by and through its counsel,

moves this Court for entry of an Order dismissing Plaintiffs' Complaint [Dkt.

2] on the grounds of lack of personal jurisdiction, improper venue, lack of

standing and failure to state a claim.  Excellus also moves, upon grant of an

order dismissing the Complaint, for an award of attorneys' fees and costs

against Plaintiffs.

        Worldwide Aircraft Services, Inc. d/b/a Jet ICU ("Jet ICU"), an

air ambulance company, and Michael Brannigan ("Brannigan"), Jet ICU's

attorney, purporting to act as "attorney-in-fact" for Excellus's member,

"CM,"[1] (collectively, "Plaintiffs") seek to recover benefits under a benefits plan

governed by the Employee Retirement Income Security Act ("ERISA") in

which CM is a participant.  In short, Jet ICU and Brannigan disagree with

Excellus's determination that healthcare services provided by Jet ICU were

not medically necessary and would not be paid under the terms of the plan.

As a threshold matter, this Court lacks personal jurisdiction over

Excellus.  General jurisdiction does not exist over Excellus because it is a

New York not-for-profit corporation, with its principal place of business in

Rochester, New York, and is not authorized to conduct business in Florida.

As such, personal jurisdiction can be had over Excellus, only if (a) the Florida

long-arm statute is satisfied as to Excellus; and (2) Excellus has minimum

contacts with Florida sufficient to satisfy due process.  The Complaint is

devoid of any allegations sufficient to satisfy Florida's long-arm statute and

the exercise of jurisdiction would offend traditional notions of fair play and

substantial justice, thus violating Excellus's due process rights.  As a result,

the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

Second, the clear terms of the benefits plan at issue mandate that

any dispute arising out of the plan ***must*** be resolved in a court located in the

---

[1]    The Complaint also refers to the member as "KD," which is apparently a carryover
from a prior complaint or a typographical error.  Complaint, ¶¶ 11, 36

State of New York.  As such, venue in the Middle District of Florida is improper and the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(3).

Next, neither Jet ICU nor Brannigan has standing to bring this action and the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).  Because Jet ICU is not one of the enumerated parties with statutory standing, *i.e.,* a participant, beneficiary or fiduciary, to sue for benefits under an ERISA-governed benefit plan, it lacks standing to challenge Excellus's benefit determination or seek the payment of benefits to itself.  Brannigan, who purports to bring this action as "attorney-in-fact," also lacks standing to bring this action because the underlying plan contains a valid and enforceable anti-assignment provision. I n addition, even on the face of the Complaint, it is clear that Brannigan is not suing on behalf of CM, but is acting in his capacity as Jet ICU's attorney seeking to recover benefits under the plan on behalf of Jet ICU.

Next, to the extent Plaintiffs seek to recover under Fla. Stat. § 627.64194 that claim should be dismissed for failure to state a claim because that statute ***does not*** apply to a group policy issued or delivered outside the State of Florida, such as that at issue here.

For these reasons, the Complaint should be dismissed in its entirety.

## PROCEDURAL BACKGROUND

Plaintiffs filed the Complaint on October 6, 2021 asserting one cause of action for "unpaid benefits under employee benefit plan governed by ERISA" and seeking to compel Excellus to "recalculate and issue unpaid benefits to Plaintiffs." Complaint, pp. 9-10.[2] The Complaint fails to attach a copy of any claimed assignment or power-of-attorney executed by CM in favor of Brannigan – the Complaint actually alleges that "Brannigan has a Power of Attorney from Patient **KD**" – not **CM**. Complaint, ¶ 36 (emphasis added). The Complaint also fails to attach a copy of the underlying plan or group certificate.

On November 12, 2021, Excellus was granted an extension through and until December 17, 2021 to respond to the Complaint. [Dkt. 11].

---

[2]  Plaintiffs have failed to file proof of service of the summons and complaint on Excellus pursuant to Local Rule 1.10(a), requiring filing of proof of service within twenty-one (21) days after service.

## STATEMENT OF FACTS[3]

In December 2019, CM was a participant in an ERISA-governed benefits plan that provided CM with health insurance benefits under a group contract issued by Excellus, the terms of which are contained in a Certificate of Coverage (the "Certificate"). *See* Declaration of Christine Haynes, dated December 17, 2021, with attached exhibit ("Haynes Dec."), ¶ 4, Ex. A. *See also* Complaint, ¶ 2 (identifying CM as a "member" of defendant).

Under the terms of the Certificate:

> 2. **Assignment**. ***You cannot assign any benefits under this Certificate or legal claims based on a denial of benefits to any person, corporation or other organization***. You cannot assign any monies due under this Certificate to any person, corporation or other organization unless it is an assignment to Your Provider for a surprise bill. See the How Your Coverage Works section of this Certificate for more information about surprise bills. Any assignment of benefits or legal claims based on a denial of benefits by You other than for monies due for a surprise bill will be void. Assignment means the transfer to another person or to an organization

---

[3]    The facts recited in this memorandum are taken from the Complaint, the "Certificate," which is specifically referenced at ¶¶ 18, 19, 26, 33, 34, 41, and 42 of the Complaint, and documents relating to the underlying administrative review process, as specifically referenced at ¶¶ 6 and 9 of the Complaint. *See Madura v. Bank of America, N.A.,* 767 Fed. Appx. 868, 870 (11th Cir. 2019), quoting *Day v. Taylor,* 400 F.3d 1272, 1276 (11th Cir. 2005) ("A district court may consider documents referenced in the complaint, even if they are not physically attached, if the documents are (1) central to the complaint and (2) no party questions their authenticity"; a "document is central to a complaint when it is a 'necessary part of [the plaintiff's] effort to make out a claim.*"); see also Brooks v. BlueCross and BlueShield of Florida, Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997).

of your right to the services provided under this Certificate or Your right to collect money from Us for those services. Nothing in this paragraph shall affect Your right to appoint a designee or representative as otherwise permitted by applicable law.

\* \* \*

28.    **Third Party Beneficiaries.**  No third party beneficiaries are intended to be created by this Certificate and nothing in this Certificate shall confer upon any person or entity other than You or Us any right, benefit, or remedy of any nature whatsoever under or by reason of this Certificate.  ***No other party can enforce this Certificate's provisions or seek any remedy arising out of either Our or Your performance or failure to perform any portion of this Certificate, or to bring an action or pursuit for the breach of any terms of this Certificate***.

\* \* \*

31.    **Venue for Legal Action.**  ***If a dispute arises under this Certificate, it must be resolved in a court located in the State of New York.***  You agree not to start a lawsuit against [Excellus] in a court anywhere else.  You also consent to New York State courts having personal jurisdiction over You. That means that, when the proper procedures for starting a lawsuit in these courts have been followed, the courts can order You to defend any action We bring against You.

Haynes Decl., Ex. A, pp. 98, 102, 103 (emphasis added).

On December 4, 2019, while CM was on the island of Bahama, she claims to have suffered an acute cardiac episode, which allegedly required her to be evacuated to a hospital in Tampa, Florida.  Complaint, ¶¶ 2, 4.  CM was

apparently transported, at least in part, by air ambulance provided by Jet ICU, an out-of-network provider having no contract with Excellus.  Complaint, ¶¶ 4, 16.

A claim was submitted to Excellus under the terms of the Certificate seeking payment for the services provided by Jet ICU, which claim was denied on January 20, 2020.  Complaint, ¶ 6; Declaration of Wendy Coccitti, dated December 15, 2021, with attached exhibits ("Coccitti Dec."), Ex. B.  An appeal from that denial was taken, and on February 9, 2020, a Final Adverse Determination was issued upholding the initial denial of CM's claim. Complaint, ¶ 9; Coccitti Dec., Exs. C and D.

On October 6, 2021, Plaintiffs filed the Complaint claiming that Excellus breached the terms of the Certificate, violated Fla. Stat. § 627.64194, and violated ERISA.  Complaint, ¶¶ 25, 26, 34.

## LEGAL STANDARD

In deciding a Rule 12(b) motion, the court must view all allegations raised in the complaint in the light most favorable to the non-moving party . . . and must accept as true all factual allegations in the complaint.[4]  But, "[w]hen, on the basis of a dispositive issue of law, no construction of the factual allegation[s] will support the cause of action,

---

[4]        *Leatherman v. Tarrant County Narcotics Unit,* 507 U.S. 163, 164 (1993).

dismissal of the complaint is appropriate."[5]   A complaint must plead facts sufficient to show that a claim is plausible, not merely possible.  Broad-brush allegations containing speculation, conjecture and a mere formulaic recitation of the elements is insufficient to overcome a motion to dismiss.[6]

## ARGUMENT

### I.    THIS COURT LACKS PERSONAL JURISDICTION OVER EXCELLUS

The Complaint's jurisdictional allegations are directed solely to general jurisdiction and do not apply to Excellus, a New York not-for-profit corporation, not authorized to conduct business in Florida, with its principal place of business in Rochester, New York.  *See* Declaration of Brian Pleban, dated December 15, 2021 ("Pleban Dec."), ¶¶ 4-5.  The Complaint is completely devoid of any allegations sufficient to obtain jurisdiction over Excellus under Florida's long-arm statute and, the exercise of such jurisdiction would violate the Due Process Clause of the Fifth Amendment to the United States Constitution.  As such, this Court lacks personal jurisdiction over Excellus and the Complaint must be dismissed.

---

[5]    *Kobold v. Aethna U.S. Healthcare, Inc.,* 258 F. Suppl 2d 1317, 1321 (M.D. Fla. 2003), citing *Executive 100, Inc. v. Martin County,* 922 F.2d 1536 (11th Cir. 1991).

[6]    *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *Iqbal v. Hasty,* 490 F.3d 143, 156 (2d Cir. 2007).

## A.  Excellus is Not Subject to General Jurisdiction in Florida Because it is Not "At Home" in Florida

General personal jurisdiction is available only where a corporation is "at home," meaning the corporation is subject to general jurisdiction only where it is incorporated or where it has its principal place of business.[7]  General jurisdiction may exist outside these limited locations, but only in "exceptional circumstances."[8]

Excellus is not "at home" in Florida.  It is a New York not-for-profit corporation, with its principal place of business in Rochester, New York.  Pleban Dec., ¶ 4.  Excellus in not authorized, by either the Florida Department of State or the Florida Office of Insurance Regulation, to do business in Florida.  Pleban Dec., ¶ 5.  As a result, general personal jurisdiction cannot be had over Excellus in Florida.

Finally, the Complaint alleges that the defendant is "Excellus Insurance Companies, Inc."  Complaint, ¶ 12.  To Excellus's knowledge, no such company exists, either in New York or Florida.  Pleban Dec., ¶ 4.  Moreover, that is not the entity named in the Certificate as being responsible for administration and/or payments under the terms of the Certificate.  Haynes Dec., Ex. A.

---

[7]    *Daimler AG v. Bauman,* 571 U.S. 117 (2014); *see also Fincantieri-Cantieri Navali Italiani S.p.A. v. Yuzwa,* 241 So. 3d 938, 944 (Fla. 3d DCA 2018), *reh'g denied* (May 7, 2018)

[8]    *Id.*

Finally, that is not the entity against which the remainder of the Complaint's allegations are alleged. *See e.g.* Complaint, p. 1, ¶¶ 3, 6, 26, 34, 38, 41-42.

**B.    The Complaint Fails to Plead Allegations Sufficient to Establish Long-Arm Jurisdiction Over Excellus in Florida**

To establish personal jurisdiction over a nonresident defendant a complaint "must plead the basis for personal jurisdiction pursuant to the applicable long-arm statute,"[9] and the basis for jurisdiction must be alleged with specificity.[10] Where a defendant challenges the court's exercise of personal jurisdiction over it, plaintiff bears the ultimate burden of establishing that personal jurisdiction is present."[11]

The Complaint's sole allegation concerning personal jurisdiction over Excellus is, at best, generic, and fails to allege what provision of Florida's long-arm statute they contend establishes personal jurisdiction. *See* Complaint ¶ 9 ("Excellus systematically and continuously conducts business in the State of Florida, and otherwise has minimum contacts with the State of Florida sufficient to establish personal jurisdiction over it."). None of the activities Plaintiffs allege Excellus engaged in are connected in any way to Plaintiffs in general, let alone

---

[9]    *Kitroser v. Hurt,* 85 So. 3d 1084, 1087 (Fla. 2012).

[10]    *Biloki v. Majestic Greeting Card Co., Inc.,* 33 So. 3d 815, 819 (Fla. 4th DCA 2010); *Taylor Forge Int'l., Inc. v. Specialty Maintenance & Constr., Inc.,* 685 So. 2d 1360, 1361 (Fla.. 2d DCA 1996).

[11]    *Oldfield v. Pueblo de Bahia Lora, S.A.,* 558 F.3d 1210, 1217 (11th Cir. 2009).

the ERISA claim they attempt to allege.  First, Plaintiffs allege that Excellus authorized Jet ICU to transport patient CM, but at the same time they allege that the authorization occurred either in the Bahamas or New York, not Florida. Complaint, ¶¶ 2-3.  Second, the Complaint vaguely refers to another BlueCross BlueShield insurer in Florida, but fails to identify that entity or any relationship it has with Excellus, other than that both of them are licensees of BlueCross BlueShield.  Complaint, ¶¶ 30-31.  Moreover, any allegation about a contract Excellus may have with the Blue Card Program and the National Accounts System, and not Plaintiffs, does not confer personal jurisdiction over it.  In fact, a Florida appellate court has held that Plaintiffs' legal theory – that contracting with a Florida Blue establishes specific jurisdiction over a nonresident insurance company – was legally insufficient and failed to confer jurisdiction.[12]

Finally, Plaintiff's own allegations make clear that Excellus does not, because it cannot, do business in Florida.  As the Complaint alleges, Excellus, as a BlueCross BlueShield licensee, is limited to an exclusive geographical market not located in Florida.  Complaint, ¶¶ 27-28.

---

[12]    *Carefirst of Maryland, Inc. v. Recovery Voll. At Umatilla, LLC,* 248 So. 3d 135, 136 (Fla. 4th DCA 2018) (rejecting the notion that being a "licensee of Blue Cross and participat[ing] in the Blue Card Program, which allows members to receive treatment nationwide while allowing the defendant to charge the in-state discounted rates that Blue Cross uses in that state" is insufficient to confer personal jurisdiction over that licensee).

Because Florida's long-arm statute must be strictly construed,[13] and because the Complaint's allegations are insufficient to satisfy Plaintiffs' burden, this Court lacks personal jurisdiction over Excellus and the Complaint must be dismissed.

## C.    The Exercise of Jurisdiction Over Excellus Would Violate its Constitutional Rights to Due Process

"Due process requires that a non-resident defendant have certain minimum contacts with the forum so that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice."[14]

Excellus does not maintain any officer of other type of physical presence in the State of Florida.  *See* Declaration of Teresa Brugnoni, dated December 15, 2021 ("Brugnoni Dec."), ¶ 4.  It does not have a Florida telephone number or mailing address.  Id.  In addition, Excellus does not solicit business in the State of Florida, nor does it specifically direct advertising or promotional material into the State of Florida, including advertisements on television, radio or in newspapers.  *See* Declaration of Sondra M. Imperati, dated December 17, 2021.

As discussed above, Excellus is not subject to jurisdiction in Florida based on its own, non-existent contacts with the state and the absence of any

---

[13]    *Fraser v. Smith*, 594 F.3d 842, 848 n.8 (11th Cir. 2010).

[14]    *United States, ex rel. v. Mortgage Investors Corp.*, 987 F.3d 1340, 1354 (11th Cir. 2021), quoting *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F3d 1264, 1274 (11th Cir. 2002).

suit-related forum contacts sufficient to satisfy Florida's long-arm statute.  And, there can be no finding that Excellus had any reasonable expectation of being hailed into a court in Florida, based on its issuance of the Certificate in New York, its administration of the plan in New York, a claim for services rendered to a New York resident,[15] who just happened to be on vacation in the Bahamas when she fell ill and was transported to a hospital in Florida.  Complaint, ¶ 2.

Hailing Excellus into this Court in Florida, a state with which it has no relationship and into which it has not purposefully directed any activities, to defend itself against claims asserted by Plaintiffs, with whom it has no relationship, contractual or otherwise, offends the notions of fair play and substantial justice.  An exercise of jurisdiction over Excellus under these circumstances would violate its due process rights under the Fifth Amendment of the United States Constitution.

---

[15]    Coccitti Dec., Exs. B and D (CM was at all relevant times, a resident of New York State).

## II. VENUE IN THIS DISTRICT IS IMPROPER BECAUSE OF THE MANDATORY FORUM SELECTION CLAUSE IN THE CERTIFICATE

"Forum selection clauses in any contract, including ERISA plans, are presumptively valid and should be enforced . . ."[16]  Although ERISA contains a broad venue provision, the parties are free to contractually choose the venue for disputes to one of the three options afforded by the statute.[17] The three options afforded by ERISA are (a) where the plan is administered; (b) where the breach took place; and (c) where the defendant resides or can be found.[18]

Here, the Certificate mandates that "[i]f a dispute arises under this Certificate, it *must* be resolved in a court located in the State of New York." Haynes Decl., Ex. A, p. 103 (emphasis added).  This forum-selection clause requires all disputes arising out of the Certificate to be resolved in the venue where both the plan is administered,[19] where Excellus is located and where

---

[16]  *Penn-Mont Benefit Servs., Inc.* No. 3:13-BK-05986-JAF, 2013 WL 6405046, at *11 (Bankr. M.D. Fla. Dec. 6, 2013); *Loeffelholz v. Ascension Health, Inc.,* 34 F. Supp.3d 1187, 1189 (M.D. Fla. 2014).

[17]  *Mendiola v. Home Depot U.S.A., Inc.,* No. 20-cv-1561-T-60SPF, 2020 WL 8614088, at *2 (M.D. Fla. Sept. 29, 2020).

[18]  29 U.S.C. § 1132(e)(2).

[19]  *Giles v. Bert Bell/Pete Rozelle NFL Player Ret. Plan,* No. 1:11-cv-0312-CC, 2012 WL 13187476, at *1 (N.D. Ga. Feb. 27, 2012) (to determine where a plan is "managed," courts look to the location of the plan's office, storage of records, eligibility determinations and appeals, and employees responsible for the plan's work").

Patient CM resides.  *See* Pleban Dec., ¶ 4; Coccitti Dec., Exs. B and D.  Subject to

and without waiver of Excellus's position in Section III, below, that neither

Brannigan nor Jet ICU have standing to bring this claim, to the extent Plaintiffs

seek to recover ERISA benefits under the terms of the Certificate, they are bound

by the mandatory forum-selection clause in the Certificate, which mandates this

action be brought in New York.

Venue in the Middle District of Florida is improper and the

Complaint must be dismissed pursuant to Fed. R. Civ. Pro. 12(b)(3).

## III.  PLAINTIFFS LACK STATUTORY STANDING TO BRING THIS ACTION AND ANY ASSIGNMENT IS VOID UNDER THE TERMS OF THE CERTIFICATE

"The doctrine of standing 'limits the category of litigants

empowered to maintain a lawsuit in federal court to seek redress for a legal

wrong.'"[20]  Plaintiffs bring this claim under Section 502(a) of the Employee

Retirement Income Security Action of 1974, 29 U.S.C. § 1001, *et. seq.*

("ERISA").  Comp., ¶¶ 1, 8, 34, 36, 39, 41-42, p. 10.  To maintain this action

under ERISA, Plaintiffs must have standing to sue under that statute.[21]

ERISA specifically enumerates the parties entitled to seek relief under an

---

[20]   *Tarpon Transp. Servs., Inc. v. Total Quality Logistics, LLC* 2021 WL 311641, at *2, 8:20-cv-2656-VMC-CPT (M.D. Fla. July 22, 2021), quoting *Spokeo, Inc. v. Robins,* 578 U.S. 330, 337 (2016).

[21]   *W.A. Griffin, M.D. v. Coca-Cola Refreshments USA, Inc.,* 989 F.3d 923, 931 (11th Cir. 2021).

employee benefit plan,[22] limiting those parties to plan participants, beneficiaries, fiduciaries, and the Secretary of Labor.[23]  "Healthcare providers . . . are generally not 'participants' or 'beneficiaries' under ERISA and thus lack independent standing to sue under ERISA."[24]

The Complaint alleges that Jet ICU's only role is as the provider who transported Patient CM from the Bahamas to Tampa, Florida. Complaint, ¶ 4. As a result, it is clear based on the allegations in the Complaint that Jet ICU lacks statutory standing under Section 502(a) to maintain this action for plan benefits.

The Eleventh Circuit has, however, recognized an exception to the general rule that that healthcare providers have no right of action under ERISA Section 502(a).  Providers with a valid assignment from a participant or beneficiary may have derivative standing to maintain such an action.[25]  It is the assignee that bears the burden of establishing the existence of a valid assignment.  Despite this exception, ERISA plans are free to incorporate anti-

---

[22]    *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 27 (1983).

[23]    29 U.S.C. § 1132(a).

[24]    *Griffin v. Verizon Communications, Inc.,* 641 Fed. Appx. 869, 872 (11th Cir. 2016), quoting *Physicians Multispecialty Group v. Health Care Plan of Horton Homes, Inc.,* 371 F.3d 1291, 1294 (11th Cir. 2004).

[25]    *Griffin,* 641 Fed. Appx. at 872.

assignment clauses that will, in effect, render an assignment of claims by a participant or beneficiary a legal nullity.[26] That is the case here.

Plaintiff Brannigan appears to claim a right to sue under the terms of the Certificate pursuant to a power-of-attorney. But, the Complaint actually alleges that Brannigan is "Attorney-in-Fact" for Patient **KD**" – there is no allegation that Brannigan has an assignment or is acting as "attorney-in-fact" for Patient **CM**. Complaint, ¶ 36. Moreover, no power-of-attorney or assignment has been attached to the Complaint and the Complaint does not contain any allegations concerning the nature or extent of any such assignment. Finally, under the Certificate's clear terms any assignment or other attempt to give Brannigan any right or remedy to pursue claims on behalf of CM is expressly prohibited and any assignment is null and void.

The Certificate contains two provisions clearly stating that the Plan does not permit assignment of benefits. First, the Certificate specifically provides a participant, such as CM, "***cannot assign any benefits under this Certificate or legal claims based on a denial of***

---

[26]    *Physicians Multispecialty Grp. v. Health Care Plan of Horton Homes, Inc.*, 371 F.3d 1291, 1295 (11th Cir. 2004) ("[W]e are persuaded by the reasoning of the majority of federal courts that have concluded that an assignment is ineffectual if the [ERISA benefit] plan contains an unambiguous anti-assignment provision."); *Griffin v. Coca-Cola Enterprises, Inc.,* 686 Fed. Appx. 820, 821 (11th Cir. 2017; *Surgery Ctr. of Viera, LLC v. Unitedhealthcare Inc. Co.,* No. 620-cv-183-ORL-37LRH, 2020 WL 10501467, at *2 (M.D. Fla. July 30, 2020).

***benefits to any person or other corporation*** . . . Any assignment of benefits or legal claims based on a denial of benefits . . . will be void." Haynes Dec., Ex. A, p. 98 (emphasis added). Further, the Certificate states: "***No other party can enforce this Certificate's provisions or seek any remedy*** arising out of either Our or Your portion of this Certificate, or to bring an action or pursuit for the breach of any terms of this Certificate." *Id.* at p. 102 (emphasis added). Read together, these provisions clearly and unambiguously express that any assignment of benefits or a right to sue under the terms of the Certificate is prohibited. As a result, any assignment to Brannigan is a nullity and he lacks standing to bring a claim for benefits under the Certificate.

Because neither Jet ICU nor Brannigan have standing to sue for benefits, either under ERISA or the Certificate, the Complaint must be dismissed.

## IV.   TO THE EXTENT THE COMPLAINT ALLEGES VIOLATION OF FLORIDA INSURANCE STATUTES, THOSE STATUTES DO NOT APPLY TO GROUP POLICIES ISSUED AND DELIVERED OUTSIDE OF FLORIDA

The Complaint alleges that Excellus violated Fla. Stat. § 627.64194 because it did not reimburse Jet ICU's "usual and customary charges." Complaint, ¶ 25. What Plaintiffs' fail to recognize is that this statute does not apply or affect "[a]ny group or blanket policy." Fla. Stat. § 727.601. In addition,

this statute applies only to "[e]ach health insurance policy delivered or issued for delivery to any person in [Florida] . . ." Fla. Stat. § 627.602.

The Certificate clearly reflects that the benefits described therein are provided under a "Group Contract between [Excellus] and the Group" of which CM was a member.  It is also clear on the face of the Certificate that the underlying Group Contract was issued and delivered in New York, and is governed by the laws of New York State.  Haynes Dec., Ex. A.  As such, Plaintiffs' Complaint fails to state a claim for violation of Fla. Stat § 627.64194 and that claim must be dismissed.

## V.    EXCELLUS IS ENTITLED TO AN AWARD OF ATTORNEYS' FEES AND COSTS

In an action under ERISA, it is within the court's discretion to award, or not award, attorneys' fees and costs to any party.[27]  In *Hardt v. Reliance Standard Life Insurance Co.*, the Supreme Court clarified the test by which a court is to determine an award of attorney's fees, holding that "a court 'in its discretion' may award fees and costs to 'to either party,' as long as the fee claimant has achieved 'some degree of success on the merits.'"[28]

---

[27]    29 U.S.C. § 1132(g)(1).

[28]    *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 244-45 (2010) (citing 29 U.S.C. § 1132(g)(1)); *Alexandra H. v. Oxford Health Ins., Inc.,* 778 Fed. Appx. 797, 799 (11th Cir. 2019).

Here, upon dismissal of the Complaint on any of the grounds discussed above, Excellus will have achieved success on the merits.

Once success has been demonstrated, a court then determines whether an award of fees is appropriate by considering the following factors: (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees would deter other persons acting under similar circumstances; (4) whether the party requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.[29]

Here, Plaintiffs' claims are clearly prohibited under a plain reading of the terms of the Certificate and ERISA. Based on the Complaint's allegations, it is clear that Plaintiffs had, or represent that they had, the Certificate. Complaint, ¶¶ 14, 18-19, 26, 32-34, 41-42. While commencing this action may not constitute bad faith, Plaintiffs are certainly culpable of failing to review the relevant documents, including the Certificate, or, if they did read them, of ignoring them.

---

[29]    *Cross v. Quality Management Group, LLC,* 491 Fed. Appx. 53, 55 (11th Cir. 2012); *Alexandra H.,* 778 Fed. Appx. at 799.

Plaintiffs, an air ambulance company and its attorney, are capable of satisfying a fee award. Moreover, such an award would deter Plaintiffs,[30] as well as other medical providers, from bringing erroneous claims in direct contravention of plan terms – such claims only waste resources of all involved, including the Court's. Dismissal of Plaintiffs' claims will demonstrate that its claims are meritless and Excellus's defenses succeed. Therefore, Excellus is entitled to award of the attorneys' fees and costs incurred in making this motion.

---

[30] It appears that this is not the first time Plaintiffs have filed a complaint under ERISA where the same issues have been raised by defendants: lack of jurisdiction, lack of standing, and failure to state a claim. *See Michael Brannigan Attorney-in-Fact for Patient KD and Worldwide Aircraft Services, Inc. d/b/a Jet ICU v. Anthem Insurance Companies d/b/a Anthem Blue Cross and Blue Shield,* Case No. 8:21-cv-00456-CEH-AAS.

# CONCLUSION

For the foregoing reasons, Excellus Health Plan, Inc. d/b/a

Excellus Blue Cross and Blue Shield, respectfully requests an order pursuant

to Fed. R. Civ. P. 12(b) dismissing the complaint in its entirety, with

prejudice, and awarding the attorneys' fees and costs incurred in making this

motion.

Dated:  December 17, 2021

HODGSON RUSS LLP
*Attorneys for Excellus Health Plan, Inc. d/b/a*
*Excellus Blue Cross Blue Shield*

By: _____*s/Catherine Grantier Cooley*_____
Catherine Grantier Cooley
140 Pearl Street, Suite 100
Buffalo, New York  14202-4040
Telephone:  (716) 856-4000
E-mail:  *ccooley@hodgsonruss.com*

090413.00072 Litigation 16016229v1